IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:13-133-CMC |
| v. | **OPINION and ORDER** |
| Brett Davis Parker, Jack Winfred Parker, Douglas E. Taylor, Jr. | |
| Defendants. | |

This matter is before the court on motion of Defendants Jack Winfred Parker and Douglas E. Taylor, Jr. for bond pending appeal.[1] The Government has responded in opposition and Defendants have replied. For the reasons noted below, Defendants' motion is **granted**.

Title 18, United States Code § 3143 imposes a presumption of detention after conviction. Therefore, it is a defendant's burden to show that he should remain on bond pending appeal. A defendant must make an initial showing that he is neither a danger to the community nor likely to flee. 18 U.S.C. 3143(b).[2] A defendant must then show that an appeal is not for the purpose of delay

---

[1] Defendant Brett Parker has also filed an appeal. However, Defendant Brett Parker is currently in the custody of the South Carolina Department of Corrections (SCDC).

[2] Title 18, United States Code Section 3143(b) provides:

(1) Except as provided in paragraph [delineating certain violent crimes, crimes for which the period of imprisonment is life imprisonment, and certain drug offenses], the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

1

"and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B).

In *United States v. Steinhorn*, 927 F.2d 195 (4th Cir. 1991), the Fourth Circuit adopted the test from *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), in finding that a court must make two inquiries after finding that the appeal is not taken for the purpose of delay. First, whether the question presented on appeal is a "substantial" one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant, *Miller*, 753 F.2d at 23-24, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b).

---

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–

    (i)  reversal,

    (ii) an order for a new trial,

    (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Defendant Taylor was sentenced to three (3) years' probation, with the first eight (8) months to be served on home detention with electronic monitoring. A sentence of probation is a substitute for incarceration, and remains subject to revocation (based upon finding a defendant has violated conditions of probation, 18 U.S.C. § 3565) at any time until its expiration or termination. 18 U.S.C. § 3563. Because Defendant's probationary sentence remains subject to revocation, which would result in a period of imprisonment, the court finds the standards contained in § 3143(b) applicable to Defendant Taylor. Moreover, Defendant Taylor makes no argument to the contrary.

As to what is considered a "substantial question," "[w]e adopt the definition of 'substantial question' . . .as [being] one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis." *Steinhorn*, 927 F.2d at 195 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Initially, Defendants contend they do not pose a flight risk and that their appeal is not taken for purposes of delay. The Government does not allege otherwise. Accordingly, the court finds for purposes of this matter that Defendants are not a flight risk and that their appeal is not taken for purposes of delay.

Defendants argue that the court's ruling which allowed introduction of Tammy Parker's journal entries presents a "substantial" question of law which could have been decided the other way, as it was a close issue and there is no relevant binding Fourth Circuit precedent. The Government argues in opposition that the court's "reasoning in making its rulings on all substantial questions that came up during the case was sound and unlikely to result in a reversal, an order for a new trial, or a change in sentence." Resp. to M. for Bond at 2 (ECF No. 194).

The court finds Defendants have met the statutory requirements to remain on bond pending appeal.[3] It appears the question presented on appeal is a "substantial" one. Additionally, if decided

---

[3] The Government argues Defendants must demonstrate "exceptional reasons" for release pending appeal, a statutory requirement present in 18 U.S.C. § 3145(c). This statute provides that "[a] person subject to detention pursuant to section 3143[(b)(2)], and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The court finds this statute inapplicable as it pertains to offenses listed in 18 U.S.C. § 3142(f)(1), none of which is the offense on which these Defendants were convicted.

3

in favor of Defendants, the question is important enough that it could warrant a new trial.

Defendants shall be permitted to remain on bond pending appeal with the same terms and conditions of bond previously imposed.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 6, 2014

4